(110 Tex. 613)

### DIGNOWITY et al. v. FLY et al.
### (No. 3144.)

(Supreme Court of Texas. March 26, 1919.)

1. APPEAL AND ERROR &#8258;1191—ISSUANCE OF MANDATE—TIME—CONSTRUCTION OF STATUTE.

    The 12 months allowed by statute for taking out a mandate runs from the day of judgment of the Supreme Court, in a case reversed and remanded by the Court of Civil Appeals, in which a writ of error is denied, in view of Rev. St. 1911, art. 1559.

2. APPEAL AND ERROR &#8258;1191—ISSUANCE OF MANDATE—"FINAL JUDGMENT."

    The judgment of the Court of Civil Appeals is not the "final judgment" required by Rev. St. 1911, art. 1559, providing that in cases reversed by the Supreme Court or Court of Civil Appeals no mandate shall be taken out and filed in court where the cause originated, unless taken within 12 months after final judgment, since the appeal, with or without supersedeas, continues a suit, depriving the judgment of the finality necessary for admission in evidence.

    [Ed. Note.—For other definitions, see Words and Phrases, Second Series, Final Judgment.]

Original petition for mandamus by Hallie B. Dignowity and others against W. S. Fly and others as Justices of the Court of Civil Appeals. Mandamus awarded.

W. W. King and Guinn & McNeill, all of San Antonio, for relators.

Moody & Boyles, of Houston, for I. T. Hambleton.

GREENWOOD, J. On April 25, 1917, the Court of Civil Appeals of the Fourth Supreme Judicial District of Texas reversed a judgment of the district court of Bexar county, in favor of the relators Hallie B. Dignowity et al. against the respondent Imogene T. Hambleton, for $11,530, and remanded the cause for a new trial. Motions for rehearing were overruled in the Court of Civil Appeals on June 30, 1917. The respondent Imogene T. Hambleton thereupon pre-

sented her petition for writ of error to the Supreme Court, and on February 6, 1918, the writ was denied.

On August 20, 1918, the clerk of the Court of Civil Appeals issued a certificate that no mandate had been taken out on the judgment reversing and remanding said cause, and, the honorable Court of Civil Appeals having denied a motion to recall the mandate, this proceeding was begun to compel, by mandamus, the recall of said certificate.

[1] The right of relators depends on the construction of that portion of article 1559, R. S., which provides:

"In cases which are, by the Supreme Court, or Courts of Civil Appeals, reversed and remanded, no mandate shall be taken out of either of said courts and filed in the court wherein said cause originated, unless such mandate shall be so taken out within the period of twelve months after the rendition of final judgment of the Supreme Court, or Court of Civil Appeals, or the overruling of a motion for rehearing."

In our opinion, the 12 months allowed by the statute for taking out the mandate runs from the date of the judgment of the Supreme Court, in a case reversed and remanded by a Court of Civil Appeals, and in which a writ of error is denied.

The result of construing article 1559 as requiring the mandate to issue, in reversed and remanded cases, within 12 months from the judgment of reversal, or from the order overruling a motion for rehearing in the Court of Civil Appeals, might be to authorize the dismissal of a cause in the trial court, for the nonissuance of mandate, while it was still pending on petition for writ of error to the Supreme Court. For the Supreme Court might not dispose of the petition for writ of error within 12 months from the date of the last action of the Court of Civil Appeals. No such result could have been intended by the Legislature.

[2] The evident purpose of the statute was to allow 12 months from the rendition of a final judgment for the issuance of the mandate. We can see no good reason for declaring the judgment of the Court of Civil Appeals to be the final judgment meant by the statute, while subject to review by this court, when it is the settled law that an appeal, with or without supersedeas, operates to continue a pending suit, so as to deprive the judgment appealed from of that finality "necessary to entitle it to admission in evidence in support of the right or defense declared by it." Texas Trunk Ry. Co. v. Jackson Bros., 85 Tex. 608, 22 S. W. 1032; Kreisle v. Campbell, 32 S. W. 581; Grocer Co. v. T. & P. Ry. Co., 95 Tex. 489, 68 S. W. 265, 59 L. R. A. 353.

Article 7764, R. S., allows the plaintiff, who recovers land, "the term of one year after the date of judgment" to pay the amount adjudged to the defendant who has made improvements in good faith, and article 7765, R. S., allows "six months after the expiration of said year" to the defendant to pay the plaintiff the value of the land without the improvements, when the plaintiff neglects for a year to pay the amount adjudged to the defendant. It is held that neither the term of 1 year nor the additional term of 6 months, as allowed by these articles, begins to run so long as an appeal to the Court of Civil Appeals or an application for writ of error to this court is pending, because the judgment is thereby deprived of the necessary character of finality. Fain v. McCain, 199 S. W. 890. In like manner, when a decree of the trial court expressly allows a party a certain time thereafter within which to perform an act, such time does not begin to run until denial of a writ of error, in cases where application therefor is made to this court. Hume v. Moore, 204 S. W. 382.

The mandate in this case having been issued within less than a year from the denial of the writ of error, it ought to have been recalled, and hence the mandamus applied for has been awarded by this court.