Mabel G. THURMOND, Individually and as Independent Executrix of the Estate of Jimmie Thurmond, Deceased, Appellant,

v.

KLEBERG FIRST NATIONAL BANK et al., Appellees.

No. 634.

Court of Civil Appeals of Texas, Corpus Christi.

April 27, 1972.

Rehearing Denied June 8, 1972.

Branscomb, Gary, Thomasson & Hall, Gary Norton, Corpus Christi, for appellant.

Fischer, Wood, Burney & Nesbitt, Frank Nesbitt, James P. Ryan, Corpus Christi, for appellees.

OPINION

SHARPE, Justice.

This is an action for garnishment brought by appellant against Kleberg First National Bank based upon a final judgment rendered in a prior case, being No. 5168 in the 28th Judicial District Court of Kleberg County, in favor of appellant against John W. Ryan in the amount of $24,224.17 plus interest and costs. That judgment was appealed to this Court and became our Number 632, styled John W. Ryan v. Mabel G. Thurmond, Individually and as Independent Executrix of the Estate of Jimmie Thurmond, deceased, 481 S.W.2d 199.

We have today decided Cause No. 632 by rendering judgment therein reversing the judgment of the lower court and remanding that case for new trial. Such action in our No. 632 makes it unnecessary to decide the

questions presented in the instant case, our No. 634, for the reasons now to be stated.

The judgment in No. 632 was rendered on July 23, 1970. The motions for new trial filed therein were overruled on September 14, 1970. Appeal bond was duly filed by John W. Ryan and approved on October 9, 1970.

This garnishment action, being trial court No. 5648 (and our No. 634) was filed on November 5, 1970 and writ of garnishment based upon the judgment in trial court No. 5168 was served on the Bank on the same date. The Bank, as garnishee, answered on November 12, 1970 that it was indebted to John W. Ryan in the amount of $5,738.70, being deposits in three checking accounts.

In the meantime, on November 9, 1970, John W. Ryan filed a supersedeas bond in Cause No. 632 which was approved on November 9, 1970. On November 30, 1970 John W. Ryan intervened in trial court No. 5648 (our 634) alleging, among other things that he was in the process of appealing trial court No. 5168 (our 632) and had filed a supersedeas bond therein. Ryan also filed a motion to dismiss and motion for summary judgment. The trial court, on December 16, 1970, sustained Ryan's motions, set aside the writ of garnishment issued on November 5, 1970 because of the supersedeas bond filed and approved in Cause No. 5168 (our 632), ordered that the Garnishee Bank recover attorney's fees of $250.00; taxed the costs against Ryan and ordered that the case (No. 5648) be dismissed. On January 21, 1971, the trial court overruled the motion for new trial filed by Mrs. Thurmond, and in its order recited that clarification of the judgment rendered on December 16, 1970 should be made so as to provide that the Bank should not release the funds impounded by the garnishment proceedings until a final determination of all questions on appeal or until abandonment or dismissal of any appeal by plaintiff (Mrs. Thurmond).

A number of interesting questions are presented on this appeal which we would have been required to decide if the judgment in our No. 632 had been affirmed. One of these questions would have been whether the filing of the supersedeas bond in our No. 632 had the effect of suspending or defeating the garnishment action involved in our No. 634, the instant proceeding.

However, we have reversed the judgment in favor of Mrs. Thurmond in the main cause and remanded it for trial. Since it appears that the garnishment proceeding involved in the instant case is based upon the judgment in the main case, we are not required to decide the questions herein presented. The garnishment proceeding brought by Mrs. Thurmond after judgment in the main case fails because of the reversal of that judgment, and in the present posture of the case it appears that there is no final judgment on which to base the instant garnishment proceeding.

It also appears that since John W. Ryan, appellant in cause No. 632, has been successful in setting aside the judgment against him in that case, there is no present issue concerning the effect of the supersedeas bond filed therein.

In view of the foregoing discussion it is apparent that our reversal of the judgment in the main case has resulted in a changed situation, both in fact and in law, not presented to the trial court at the time its judgment was rendered. We, therefore, believe that for such reason and in the interest of justice the judgment in this garnishment proceeding should be reversed and the cause remanded to the trial court for further proceedings not inconsistent with the opinions in our Cause No. 632 and in the instant cause No. 634.

Reversed and remanded.