**Ex parte Gerald T. WATERS.**

**No. B–4069.**

Supreme Court of Texas.

June 18, 1973.

Byrd, Davis, Eisenberg & Clerk, Tom H. Davis and Terry L. Weldon, Austin, for relator.

GREENHILL, Chief Justice.

The Relator, Gerald T. Waters, a member of the State Bar of Texas, was held in

contempt by the Honorable Arthur Tipps, Judge of the 30th District Court sitting in Wichita Falls.

The judgment signed by Judge Tipps recites that Mr. Waters was the attorney for a husband in a pending divorce case. Judge Tipps had entered an order which, among other things, restrained the husband from disposing of community property. The attorney was not named in the restraining order.

A part of the community property consisted of insurance on the life of the husband. Notwithstanding the order of restraint directed to the husband, the attorney took from the husband an assignment of the life insurance policies and attempted to collect the cash surrender value thereof from the insuring company. For this conduct, Mr. Waters was held in contempt of court on three different counts, and he was assessed punishment totaling a fine of $1,500 and 15 days in jail.

Thereafter, Mr. Waters made an application to Judge Tipps for the appointment of another district judge to pass upon his guilt or innocence, and for a release upon his own recognizance, under the provisions of Article 1911a, Subsection 2(c), Vernon's Annotated Civil Statutes. His request was denied by Judge Tipps.

This court granted a writ of habeas corpus to pass upon the applicability of the above statute and to determine whether Mr. Waters was illegally restrained of his liberty.

After granting the writ of habeas corpus, it came to our attention that Mr. Waters had not violated a court order; and, as set out below, our jurisdiction turns in part on that fact. The order of contempt entered by Judge Tipps recites that there were five counts alleged against Mr. Waters. He was held in contempt on counts 3, 4, and 5. Judge Tipps found that the evidence was insufficient to hold Mr. Waters guilty under the other two, counts 1 and 2. These were (1) that Mr. Waters had violated the restraining order directed at the husband, and (2) that he aided the husband in violating the order. The judgment, therefore, finds that Waters did not violate an order of the court.

Article 1737, Vernon's Texas Civil Statutes Annotated, authorizes us to issue the writ of habeas corpus where "any person is restrained of his liberty by virtue of an order, process or commitment issued by any court or judge *on account of the violation of any order,* judgment or decree theretofore made, rendered or entered by such court or judge in any civil case." [Emphasis ours]. Since the trial court specifically found that the attorney did not violate his order, we were without jurisdiction to grant the writ of habeas corpus. Ex Parte Morris, 162 Tex. 530, 349 S.W.2d 99 (1961); Ex Parte McDonald, 441 S.W. 2d 828 (Tex.1969); Habeas Corpus Proceedings in the Supreme Court of Texas, 1 St. Mary's Law Journal 1 at page 7 (1969). The general power to issue writs of habeas corpus is in the Texas Court of Criminal Appeals.

Our order heretofore entered granting the writ of habeas corpus in this cause is set aside. The Relator Waters is remanded to the custody of the Sheriff of Wichita County, and his application for a writ of habeas corpus is dismissed without prejudice.