**Ex parte Frances Arlena HENDERSON, Relator.**

**No. 6375.**

Court of Civil Appeals of Texas, El Paso.

June 26, 1974.

John L. Hoestenbach, Jr., Odessa, for relator.

William B. Smith, Midland, for respondent.

OPINION

STEPHEN F. PRESLAR, Chief Justice.

This is an original habeas corpus proceeding to secure the release of the Relator, Frances Henderson, who had been adjudged in contempt of the Domestic Relations Court of Midland County, Texas, for violation of an order of that Court which granted visitation rights to her former husband and father of the children of the marriage. We have concluded that the writ should be denied. This is a companion case to our Cause No. 6373, Henderson v. Youngblood, 512 S.W.2d 35, decided June 19, 1974. That case was an appeal from an order of September 20, 1973, by the Domestic Relations Court of Midland

County, redefining and specifically setting forth the visitation rights of a divorced father with his children. Relator seeks relief from an order of the trial Court finding her in contempt of the order of September 20, 1973, in withholding visitation rights from the father. That order directed that Relator be confined to jail for a period of ten hours and that she be fined $75.00.

■■■ Relator's first point of error is that she cannot be in contempt of the judgment of September 20, 1973, for the reason that that judgment was on appeal at the time of her conviction and she had in that case filed a supersedeas bond. Where a judgment involves the care or custody of a child, an appeal with or without supersedeas bond will not have the effect of suspending the judgment, unless it shall be so ordered by the trial Court, or unless the Appellate Court upon proper showing permits the judgment to be superseded. Texas Rules of Civil Procedure 364(f); Ex parte Allen, 477 S.W.2d 297 (Tex.Civ.App. —Houston (14th Dist.) 1972, no writ). In the case before us, neither the trial Court nor this Court has entered any order suspending the judgment. Relator relies on an instrument filed in this Court which was signed by the Clerk of the trial Court and the writer of this opinion, entitled, "Supersedeas Bond on Appeal." That instrument in no way has any provision which supersedes or suspends the judgment. Except for the title, it was in the form of an ordinary appeal bond and made no mention whatsoever of suspending the trial Court's judgment. In the absence of an order suspending the trial Court's judgment, the trial Court had continuing jurisdiction to enforce its judgment by contempt. Ex parte Kollenborn, 153 Tex. 350, 269 S.W.2d 339 (1954). Relator's first point of error is overruled.

Relator's second point of error is that there is insufficient evidence to support the trial Court's finding that she violated its judgment. The judgment of September 20, 1973, granted the father, J. D. Youngblood, the right to visit his children on the first Saturday of each month between the hours of 3:00 p. m. and 10:00 p. m. Relator was found in contempt of this judgment for not affording the father the right to visit with his youngest daughter, Linda, on October 6, 1973, and for not delivering Linda to the father on that date—all in accordance with the judgment of the Court, which, among other things, provided that the children should be dressed and ready for their visit. The evidence indicates that Mr. Youngblood repeatedly attempted to contact the Relator to notify her that he wished to visit his children on the first Saturday in October. Two days before his scheduled visit he tried several times to telephone the Relator, and on each occasion he found the phone busy and apparently off the hook. On Friday, October 5th, he went to Relator's home and again attempted to let her know that he wished to visit the children the next day. On that occasion, he was told by Relator's husband that she was still in bed, and although he made requests to do so, he was never able to talk with Relator, and was told by her husband that "this thing was all off because it had been appealed." On Saturday, October 6th, petitioner failed to find either the Relator or his daughter, Linda, at home, and he never was able to visit with Linda. Among other things, the trial Court found in its judgment that the petitioner-father timely made ample and reasonable efforts to notify the Relator of his desire to visit with his daughter, and that it was no fault of his that he was unable to notify the Relator; and further, that his inability to notify the Relator was one of avoidance and unconcern on her part.

■■■ This petition for the issuance of a writ of habeas corpus is a collateral attack on the judgment of contempt. Ex parte Tyler, 152 Tex. 602, 261 S.W.2d 833 (1953); Ex parte Kollenborn (supra). The general rule is that to avoid a judgment on collateral attack it must be void

**40**

on its face. However, since the remedy of habeas corpus is the only means by which a contempt order may be reviewed, the Courts look beyond the face of the judgment or order to determine whether or not there is any evidence to support it; if there be none, or if the evidence conclusively establishes a defense, the order or judgment will be declared void. Lowe, Texas Practice, Vol. 6, Contempt, Sec. 561. Stated otherwise, our review of the evidence is to determine whether or not the trial Court's findings which form the basis of the judgment are so completely without evidentiary support as to render the Court's judgment void. Ex parte Helms, 152 Tex. 480, 259 S.W.2d 184 (1953); Ex parte La Rocca, 154 Tex. 618, 282 S.W.2d 700 (1955); Ex parte Myrick, 474 S.W.2d 767 (Tex.Civ.App.—Houston (1st Dist.) 1971, no writ). In the case before us, we have reviewed the evidence and conclude that the findings necessary to support the judgment of the trial Court are not so completely without evidentiary support as to render that Court's judgment void.

By her last point, Relator contends that the petition was insufficient to charge her with contumacious conduct. We overrule this contention, and in doing so note that no complaint was lodged against the petition or exception taken to it prior to trial. Instead, Relator announced ready and fully participated in the hearing that followed. True, the petition for contempt charged multiple violations. However, the careful trial Judge only assessed judgment for one act of contempt and fixed the punishment for that single act. See Ex parte Genecov, 143 Tex. 476, 186 S.W.2d 225 (1945); Ex parte Turner, 478 S.W.2d 256 (Tex.Civ.App.—Houston (1st Dist.) 1972, no writ); Ex parte Loreant, 464 S.W.2d 223 (Tex.Civ.App.—Houston (1st Dist.) 1971, no writ).

The Relator is remanded to the custody of the Sheriff of Midland County.