**Ex parte Daniel R. RUTHERFORD and Michael Lynn Taft, Relators.**

**No. 15929.**

Court of Civil Appeals of Texas, San Antonio.

Sept. 27, 1977.

John C. Laye, Jr., San Antonio, for relators.

Kirk Patterson, San Antonio, for appellee.

CADENA, Chief Justice.

This is an original application for writ of habeas corpus to secure the release of relators, Michael Lynn Taft and his attorney, Daniel R. Rutherford, Esq., who have been held in contempt and ordered incarcerated. The contempt proceedings grew out of an order entered by the 25th District Court of Guadalupe County on August 31, 1976, naming Rebecca Elizabeth Johnson, the former wife of Taft, managing conservator of a child born to them during the marriage.

The order of the trial court adjudging Rutherford in contempt recites that it is based on the fact that, during the contempt hearing, Rutherford stated in open court that he did not recognize the validity of the order of August 31, 1976, and had advised his client not to comply with such order.

Our authority to grant writs of habeas corpus is limited by Article 1824a, Tex. Rev.Civ.Stat.Ann. (Supp.1976), to cases where a person is being restrained of his liberty ". . . by virtue of any order, process, or commitment issued by any court or judge on account of the violation of any order, judgment, or decree theretofore made, rendered, or entered by such court or judge in a . . . child custody case."

We do not construe the contempt order in this case as being based on a violation of the custody order by the attorney, Rutherford. As will more fully appear in the course of the discussion of Taft's application for habeas corpus, Rutherford's statement was based on the fact that the custody order of August 31, 1976 had been reversed by an appellate court. Since the record does not disclose the violation of any order by Rutherford, we lack jurisdiction of his application for habeas corpus. His request for relief must be directed to the Court of Criminal Appeals, the only Texas appellate court with the general power to issue writs of habeas corpus. See Ex parte Waters, 498 S.W.2d 144, 145 (Tex.1973). Relator, Taft, is clearly being restrained of his liberty because of the finding that he violated the custody order entered by the trial court on August 31, 1976. As already indicated, that order was reversed by the El Paso Court of Civil Appeals, which also ordered that Taft and his former wife be ". . . returned to the status and position which they held under the [trial] Court's order entered on July 6, 1976, . . . ." Taft v. Johnson, 553 S.W.2d 408, 411 (Tex.Civ.App.—El Paso 1977, writ pending). The order of July 6, 1976 appointed Taft managing conservator of the child.

The alleged contumacious conduct by Taft took place after the order on which the adjudication is based had been reversed by the El Paso Court of Civil Appeals.

Paragraph (c) of § 11.19, Tex.Family Code Ann. (1975), provides that an appeal from an order, decree, or judgment affecting the parent-child relationship shall not have the effect of suspending the order, decree, or judgment "unless suspension is ordered by the court entering the order, decree, or judgment" or by the appellate court. In this case, both the trial court and the appellate court refused Taft's request for suspension of the order pending the appeal from the order of August 31, 1976.

It is, therefore, clear that, while the appeal was pending, the order of August 31, 1976 remained in full effect and was enforceable by contempt proceedings. Ex parte Henderson, 512 S.W.2d 37 (Tex.Civ. App.—El Paso 1974, no writ).

While we do not here quarrel with the holding in Henderson, we do not consider that decision controlling in the case before us. In Henderson, the appellate court had taken no action affecting the validity of the trial court's order. Here, the Court of Civil Appeals, after a hearing on the merits, had set aside the order of the trial court. Under these circumstances, the provisions of § 11.19(c) are irrelevant. The trial court's order has been divested of its enforceable character not because of the fact that an appeal had been perfected challenging the validity of that order, but because the appeal succeeded and the order had been set aside. The statute contains no language which suggests that an order of a trial court in a custody case remains in effect after it has been reversed.

Suspension of an order pending appeal carries with it no implication concerning the validity of such order. The reversal of a judgment or order of a trial court, on the other hand, is a judicial pronouncement, by a court having power to make the determination, that the judgment or order shall not stand. No persuasive argument can be advanced in support of the contention that the reversal of a trial court's judgment should not, at the very least, have the same effect as the suspension of such order pending appeal.

Neither *Dignowity v. Fly,* 110 Tex. 613, 210 S.W. 505 (1919), nor *Fidelity Union Casualty Co. v. Hanson,* 44 S.W.2d 985 (Tex. Com.App.1932), is controlling here. *Fly* merely held that an application for writ of error to the Supreme Court deprives the judgment of a Court of Civil Appeals of the degree of finality contemplated by the statute governing the issuance of mandates. *Hanson* did no more than apply the rule that a judgment which is in the process of being appealed cannot be given that conclusive effect required for the application of the doctrine of res judicata. Neither case supports the thesis that an application for writ of error, in some mysterious way, deprives of all vitality a judgment of a Court of Civil Appeals reversing the judgment of a trial court and, at the same time, breathing new life into, and reinstating, the judgment of the trial court.

The simple effect of upholding the incarceration of Taft in this case would be to hold that an order of a trial court which has been reversed by a judgment of a Court of Civil Appeals will be enforced while the judgment of the appellate court reversing such judgment will be ignored. No statute, decision, or rule supports a conclusion which imparts efficacious effect to a reversed judgment of a trial court and ignores the appellate judgment of reversal.

The application of Daniel R. Rutherford for writ of habeas corpus is dismissed for want of jurisdiction and he is remanded to the custody of the sheriff of Guadalupe County.

The application of Michael Lynn Taft for writ of habeas corpus is granted and he is ordered released from custody.

MURRAY, Justice, dissenting.

I dissent. While I agree that this Court does not have jurisdiction of the application for writ of habeas corpus of Rutherford and his application must be dismissed, I do not agree that the opinion by the El Paso Court of Civil Appeals has the effect of suspending the judgment of the trial court until the appeal is final. Neither the trial court, nor the Court of Civil Appeals has entered an order suspending the judgment of August 31, 1976, although requested to do so. This case is now pending in the Supreme Court and it has power under the Code[1] to suspend "on a proper showing." The provisions of 11.19(c) provide an orderly and understandable method of suspending the effects of the trial court's judgment pending an appeal. This Court is in effect suspending the trial court's judgment pending an appeal, overruling the refusal to suspend of the trial court and the Court of Civil Appeals and depriving the Supreme Court of the opportunity to suspend "on a proper showing."

It is not desirable to have the possession of a child changed each time an opinion of a court is handed down, or a new opinion is substituted, or a motion for rehearing is granted.

*Fly* and *Hanson* are, at least, some authority that the effect of an application for writ of error is that the appeal is still pending. Is the appeal still pending in this case? I would hold that it is.

---

1. Tex. Family Code Ann. § 11.19(c) (1975).