Charles FLOWERS, Relator,

v.

Margaret Morin FLOWERS, Respondent.

No. 20177.

Court of Civil Appeals of Texas, Dallas.

Oct. 2, 1979.

Before GUITTARD, C. J., and ROBERTSON and CARVER, JJ.

ROBERTSON, Justice.

This is an original application for writ of prohibition filed by relator, Charles Flowers, to prevent respondent, Margaret Morin Flowers, from prosecuting a motion of contempt against relator based on an order modifying a support order, the modification order now having been reversed by this court. *Flowers v. Flowers*, 585 S.W.2d 334 (Tex.Civ.App.—Dallas 1979, no writ). Relator also has prayed that the trial judge be directed to cease entertaining such suits. We grant the writ of prohibition.

The contempt proceedings grew out of a modification order entered by the 254th Judicial District Court of Dallas County on April 13, 1979, increasing child support payments to be paid by the relator. Relator duly perfected his appeal to this court. On June 5, 1979, the trial court sustained a motion for contempt, based on its modification order, commanding relator to appear on August 10, 1979, to report that he had paid certain arrearages or to be confined. The modification order was reversed by this court on July 11, 1979.

Under these facts, the trial court's authority to enter a contempt order is found in section 11.19(c) of the Texas Family Code. This subsection provides as follows:

An appeal from an order, judgment, or decree, with or without a supersedeas bond, does not suspend the order, decree or judgment unless suspension is ordered by the court entering the order, decree or judgment. The appellate court, on a proper showing, may permit the order, decree or judgment to be suspended.

Tex.Fam.Code Ann. § 11.19(c) (Vernon 1975). In this case the trial court made no provision for suspension of its judgment, and this court was not requested to permit suspension.

Relator contends that since the original order to modify has been reversed, the respondent should not be allowed to prosecute the motion for contempt based thereon. There is no dispute that while an order

Stanley E. Latman, Dallas, Larry Bach, Forney, for relator.

William E. Fullingim, Dallas, for respondent.

is on appeal the trial court may enforce it by contempt if no suspension has been ordered. *Ex parte Rutherford,* 556 S.W.2d 853, 854 (Tex.Civ.App.—San Antonio 1977, no writ); *Ex parte Henderson,* 512 S.W.2d 37, 39 (Tex.Civ.App.—El Paso 1974, no writ); *Ex parte Allen,* 477 S.W.2d 297, 298 (Tex.Civ.App.—Houston [14th Dist.] 1972, no writ); ·*see* Tex.Fam.Code Ann. § 11.19(c) (Vernon Supp.1978–1979). The question raised by this action is whether a contempt order, based on an order to modify, that has been entered prior to reversal of the order to modify, can be enforced after the order to modify is reversed. Generally, reversal of a judgment or order completely nullifies it, leaving it as if it had never been rendered other than as to further rights of appeal. *See Ex parte Rutherford,* 556 S.W.2d at 854; *Gonzalez v. Texas Employers Ins. Assoc.,* 509 S.W.2d 423, 426 (Tex. Civ.App.—Dallas 1974, writ ref'd n. r. e.). *See generally* 5B C.J.S. *Appeal and Error* § 1950 (1958).

In *Rutherford* the San Antonio Court of Civil Appeals was required to pass on the validity of a contempt order entered after the custody order, upon a violation of which it was based, had been reversed. The court found the contempt order invalid. It reasoned that if the custody order had been suspended under section 11.19(c), the contempt order would have been invalid. Therefore, it was unreasonable to suppose reversal of a custody order should have less effect than suspension of it. 556 S.W.2d at 855.

■ Respondent attempts to distinguish the instant case from *Rutherford* on the ground that here both the performance of the contumacious acts and the entry of the contempt order occurred before the reversal of the modification order; in *Rutherford* both occurred after reversal. Thus, respondent would have us hold that if a contempt order is entered while the original judgment or order is being appealed, the contempt order should be enforced even if the original judgment or order is reversed before enforcement can be had.

■ This argument runs counter to the reasoning stated in *Rutherford* as indicated

above. Additionally, once a judgment or order is reversed, all dependent causes of action are simultaneously defeated. *E. g., Busby v. Jones,* 134 Tex. 241, 133 S.W.2d 566, 571 (1939) (reversal of vendor's lien judgment against defendant reverses defendant's dependent judgment against codefendants); *Thurmond v. Kleberg First National Bank,* 481 S.W.2d 164, 165 (Tex.Civ. App.—Corpus Christi 1972, writ ref'd n. r. e.) (garnishment proceeding fails upon reversal of main judgment); *K. T. Lease Service, Inc. v. Alamo Welding and Boiler Works, Inc.,* 431 S.W.2d 58, 62–63 (Tex.Civ. App.—San Antonio 1968, no writ) (reversal of order overruling plea of privilege results in reversal of judgment against party who filed plea). We therefore hold that a contempt order that is based on acts violative of an original judgment or order becomes invalid simultaneously with a subsequent reversal of the original judgment or order. Accordingly, the application of Charles Flowers for writ of prohibition is granted.