Debbie Ilene Blaylock ARMSTRONG,
Relator,

v.

Honorable Putnam Kaye REITER, Judge
et al., Respondents.

No. C–828.

Supreme Court of Texas.

Feb. 10, 1982.

Rehearing Denied March 17, 1982.

Clark, Gorin, McDonald, Ragland & Mangrum, Tom L. Ragland, Waco, for relator.

Holloway Martin, Mexia, L. L. Geren, Groesbeck, for respondents.

DENTON, Justice.

Debbie Ilene Blaylock Armstrong seeks a writ of mandamus directing the trial judge to vacate his prior order and grant a writ of habeas corpus ordering Sherri Pollan Armstrong and Wanda McCord to surrender her child, Christopher Don Armstrong, to her. In deciding whether to allow the writ of mandamus to issue against Judge Reiter, this Court must determine who has the superior right of possession—Debbie as Christopher's natural mother or Sherri by virtue of a guardianship order she received at an ex parte hearing before the County Court of Limestone County. We conditionally grant the writ of mandamus.

Christopher was born to the marriage of Debbie and Steve Armstrong in August 1977. Although the couple subsequently separated, they were never divorced. Following the separation the child lived with Steve, and Debbie became domiciled in Oklahoma. Steve set up housekeeping with Sherri Lynn Pollan in Mexia, Texas. This relationship resulted in the birth of Shawn Michael Armstrong. Steve, Sherri, Christopher, and Shawn continued to reside together until Steve's death in August, 1981.

Although never married to Steve, Sherri arranged for his burial and supplied all the necessary information on his death certificate, which she signed as his "surviving spouse" using the name "Sherri Lynn Armstrong." Sherri knew that Steve and Debbie had never been divorced, and Steve's death was the first occasion she used his name.

In September 1981, Sherri filed her application to legally change her name to Sherri Lynn Armstrong in District Court in Limestone County. Simultaneously she made application to the County Court of Limestone County to be appointed Christopher's legal guardian. All the applications were made under the name "Sherri Lynn Armstrong." Citation was had by publication because Sherri had alleged that "the address of the natural mother, Debbie Ilene Armstrong, is unknown."

Sherri was successful in both of her endeavors. Subsequently, Sherri filed suit to terminate Debbie's parental rights alleging that she was "not a fit and proper person to have the care, custody and control of [Christopher.]" Service of citation was again made only by publication.

Upon receiving knowledge of Sherri's actions, Debbie filed her petition for writ of habeas corpus pursuant to Tex.Fam. Code Ann. § 14.10. Judge Reiter denied Debbie's habeas corpus relief because of the prior court order appointing Sherri as Christopher's legal guardian.

Debbie has neither signed an affidavit relinquishing her parental rights, nor have those rights ever been terminated by a court order.[1] The guardianship order entered by the County Court of Limestone County cannot effectuate the termination of Debbie's parental rights because the county court lacks jurisdiction to enter any order which would affect the parent-child relationship. Under the Constitution of the State of Texas, such jurisdiction rests exclusively in the district courts and such other courts as have been conferred with jurisdiction by statute. Tex.Const. art. V, § 8; Tex.Fam. Code Ann. § 11.01(2), (5). The County Court of Limestone County has not been given such statutory jurisdiction. Thus, the right to possession of Christopher is not governed by any outstanding court order. Judge Reiter's determination of Debbie's entitlement to habeas corpus relief, therefore, should have focused on subsection (e) of Section 14.10.

Section 14.10(e) of the Family Code provides:

(e) If the right to possession of a child is not governed by a court order, the court in a habeas corpus proceeding involving the right of possession of the child shall compel return of the child to the relator if, and only if, it finds that the relator has a superior right to possession of the child by virtue of the rights, privileges, duties, and powers of a parent as set forth in Section 12.04 of this code.

Section 12.04(1) provides:

Except as otherwise provided by judicial order or by an affidavit of relinquishment of parental rights executed under Section 15.03 of this code, the parent of a child has the following rights, privileges, duties, and powers:

(1) the right to have physical possession of the child and to establish its legal domicile.

After Debbie established she was Christopher's natural mother and there were no outstanding orders terminating her parental rights, she was entitled to have the writ of habeas corpus issue. The granting of the writ should have been "automatic, immediate, and ministerial." *See Strobel v. Thurman,* 565 S.W.2d 238, 239 (Tex.1978). In the absence of any exceptions thereto, Section 14.10 imposes a mandatory duty upon a trial judge to grant a writ of habeas corpus upon proof of the bare legal right to possession. Tex.Fam.Code Ann. § 14.10(e); *see Strobel, supra,* at 239; *Garza v. Schilling,* 576 S.W.2d 147, 150 (Tex.Civ.App.—Corpus Christi 1978, no writ).

It is assumed that Judge Reiter will vacate his order denying Debbie Ilene Armstrong's application for habeas corpus and that he will grant the requested writ. A writ of mandamus will issue only if he declines to do so.

---

1. Paragraph VI of Sherri's "Original Petition To Terminate Parent Child Relationship and Petition For Adoption" acknowledges the absence of any judicial decree affecting the Parent-child relationship of Debbie and Christopher Armstrong.