NO. 07-04-0414-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

NOVEMBER 28, 2005

_____

IN THE MATTER OF THE MARRIAGE OF
JACKIE LEE STEIN AND CRAIG HARLAN STEIN
AND IN THE INTEREST OF
BROOKE LEE STEIN AND TYLER WAYNE STEIN, CHILDREN

_____

FROM THE 31ST DISTRICT COURT OF LIPSCOMB COUNTY;

NO. 02-11-3757; HONORABLE STEVEN EMMERT, JUDGE

_____

Before REAVIS and CAMPBELL and HANCOCK, JJ.

**OPINION**

Following a hearing on a motion to enter new orders, Jackie L. Stein challenges the order signed July 12, 2004, appointing Craig H. Stein sole managing conservator of their children and designating Craig with the exclusive right to establish the primary residence of the children and ordering her to pay child support. Presenting two issues, Jackie contends the trial court erred when (1) it rendered its order on the appointment of sole and

possessory conservators without considering any evidence since the hearing on February 28, 2003, and (2) it rendered its order on the appointment of sole and possessory conservators after she had filed her request for a jury trial. We reverse and remand in part and affirm in part.

By opinion and judgment dated January 30, 2004, we reversed and remanded the decree of divorce following a non-jury trial only to the extent that it affected conservatorship of the children. Jackie filed a request for jury trial on April 8, 2004.[1] Craig filed a motion to render new judgment and brief in support thereof on April 27, 2004, which was followed by Jackie's response on May 6, 2004. At a non-evidentiary hearing, the trial court heard argument from both parties on Craig's motion to render judgment. Following a recess, after stating the court had erred in its interpretation of the phrase "history of family violence" upon the first trial, and upon consideration of all the evidence presented in the original trial, it announced the prior order would be modified. Accordingly, the court signed an order consistent with its announcement that Craig be named sole managing conservator and Jackie be named possessory conservator with rights of access pursuant to a standard order and also ordered Jackie to pay child support. Jackie filed a motion for reconsideration. Before we consider our analysis of Jackie's issues, we first address the status of the proceeding upon the partial remand to the trial court.

---

[1]*See* In Re Marriage of Stein, 153 S.W.3d 485 (Tex.App.--Amarillo 2004, no pet.).

## Status on Remand

Rule 43.2 of the Texas Rules of Appellate Procedure provides in part that a court of appeals may:

> affirm the trial court's judgment in whole or in part; and
> reverse the trial court's judgment and remand for further proceedings.

*See* Tex. R. App. P. 43.2(a) & (d).  Generally, when an appellate court remands a case for further proceedings, the effect is to remand the case for a new trial on all the issues of fact and the case is reopened in its entirety.  Gordon v. Gordon, 704 S.W.2d 490, 491 (Tex.App.–Corpus Christi 1986, writ dism'd).  Also, when an appellate court remands a case and limits a subsequent trial to a particular issue, the trial court is restricted to a determination of that particular issue.  Hudson v. Wakefield, 711 S.W.2d 628, 630 (Tex. 1986).  *See also* Hansen v. Academy Corp., 961 S.W.2d 329, 331 (Tex.App.--Houston [1st Dist.] 1997, no writ).  Accordingly, our reversal of the portion of the trial court's judgment relating to conservatorship, possession, and child support completely nullified and left it as if it had never been rendered.  Flowers v. Flowers, 589 S.W.2d 746, 748 (Tex.Civ.App.--Dallas 1979, no writ).  Based on our judgment, questions regarding the parent-child relationship were remanded for new trial.  *See* Tex. R. App. P. 43.2(d).  *See also* Tex. Fam. Code Ann. § 6.406.

Addressing Jackie's issues in a logical rather than sequential order, we first consider issue two by which she contends the trial court erred when it rendered its order on the appointment of sole and possessory conservators after she had filed a request for a jury. We agree.

After Jackie filed a request for a jury trial, Craig filed a motion to render new judgment in accordance with our opinion and mandate. By the motion, he requested the

> Court reconsider its prior ruling and render a modified final decree naming Craig Harlan Stein as sole managing conservator of the minor children made the basis of this suit. No further testimony is needed or required for the reasons set forth in the accompanying brief.

By his brief, he argued (1) the remand did not require a new trial and (2) application of the remand instructions allowed for rendition of new judgment contending, among other things, that the mandate did not direct "that a new trial on the merits is required."

Responding to Craig's motion, Jackie:

- alleged she had paid a jury fee and requested determination of the issues by a jury;

- alleged the evidence presented at the first trial was not current, in that it was presented approximately 14 months prior to Craig's motion;

- alleged there had been significant developments affecting the children since the prior evidence was presented; and

- requested an evidentiary trial.

4

In opposition to Jackie's response and request for a jury trial, Craig focused his argument on the public policy of avoiding additional litigation, the need for stability of the children, and judicial economy. However, he did not challenge Jackie's right to a jury determination of the issues.

The trial court called Craig's motion to render judgment for hearing on June 3, 2004. Although the reporter's record indicates "Trial on Merits," the record consists of arguments by counsel for both parties. After taking a recess, the trial judge returned to the bench and without giving counsel an opportunity to present additional matters, announced that considering the evidence presented at the original trial, and the opinion of the Court of Appeals, his interpretation of the phrase "history of family violence" was in error. Further, he announced it was in the best interest of the children that Craig be named sole managing conservator of the minor children.

On June 23, 2004, Jackie filed a motion to reconsider arguing, among other things, she had paid a jury fee and requested an evidentiary trial. However, the motion was followed by the trial court's order appointing Craig sole managing conservator and Jackie possessory conservator.

Section 6.703 of the Texas Family Code provides that either parent is entitled to a trial by jury. Following our opinion, Jackie promptly filed a jury deposit. Jackie's failure to request a jury trial upon the first trial does not bar her right to a jury trial on remand. *See* Harding v. Harding, 485 S.W.2d 297, 299 (Tex.Civ.App.--San Antonio 1972, no writ).

5

Craig does not question a parent's right to a jury trial in a suit affecting the parent-child relationship. Instead, he contends Jackie's complaint was not preserved for review. Pleadings frame the issues for determination. Murray v. O & A Express, Inc., 630 S.W.2d 633, 636 (Tex. 1982). Although issues not raised in pleadings or at trial may not be raised for the first time on appeal, *see* State of Cal. Dept. of Mental Hygiene v. Bank of Southwest Nat. Ass'n, 163 Tex. 314, 354 S.W.2d 576, 579 (1962), Jackie raised her request for a jury trial by written response. Although Jackie's response was not designated as an answer or other pleading, considering its substance, allegations and evident purpose, *see* Hoover v. Gregory, 835 S.W.2d 668, 671 (Tex.App.--Dallas 1992, writ denied), for these purposes, we hold that her request for jury trial was presented to the trial court.

Craig further contends the trial court did not rule on Jackie's request as required by Rule 33.1(a)(2). However, Craig overlooks the provision of 33.1(a)(2)(A) which provides that a ruling may be either expressed or implicit. As above noted, the request for jury trial was presented in Jackie's response on file at the time of the hearing. Accordingly, the court's announcement at the close of the hearing and rendition of the order constituted an implicit adverse ruling of Jackie's request for a jury trial. *See* In Re Z.L.T., 124 S.W.3d 163, 165 (Tex. 2003) (holding that by proceeding to trial without issuing the requested bench warrant, it was clear the trial court implicitly denied the request).

We have not overlooked Craig's argument that Jackie's complaint was not preserved because she did not file a motion for new trial. However, a motion for new trial

6

is not a prerequisite to a complaint on appeal except in the instances provided in Rule 324(b) of the Texas Rules of Civil Procedure.  Issue two is sustained.  Our disposition of issue two pretermits consideration of issue one.

Accordingly, that portion of the trial court's judgment signed July 12, 2004, relating to conservatorship, possession, and child support is reversed and the cause is remanded to the trial court for a new trial and further proceedings.  In all other aspects, the judgment of the trial court is affirmed.

Don H. Reavis
Justice