

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-09-180-CV

IN RE JERRY F.                                                    RELATOR

------------

### ORIGINAL PROCEEDING

------------

## OPINION

------------

The court has considered relator's petition for writ of mandamus and is of the opinion that the petition should be denied. Accordingly, relator's petition for writ of mandamus is denied.[1] Relator's "Unopposed Motion to Abate to Allow for Mediation" is denied as moot.[2]

---

[1] As the dissent notes, real parties in interest have filed a petition for review in the Supreme Court of Texas. Thus, even if we were inclined to grant the petition, to do so now would improperly interfere with the jurisdiction of the supreme court. *See Mapco, Inc. v. Forrest*, 795 S.W.2d 700, 702 (Tex. 1990); *Doctors Hosp. Facilities v. Fifth Court of Appeals*, 750 S.W.2d 177, 179 (Tex. 1988).

[2] Our denial of the motion as moot in no way hinders or discourages the parties' efforts to mediate, as the dissent suggests. To the contrary, the parties are now free to pursue mediation without the burden of a proceeding pending in this court, in addition to the proceeding pending in the supreme court.

Relator shall pay all costs of this original proceeding, for which let execution issue.


JOHN CAYCE
CHIEF JUSTICE

PANEL: CAYCE, C.J.; LIVINGSTON, J.; and DIXON W. HOLMAN (Senior Justice, Retired, Sitting by Assignment).

LIVINGSTON, J. filed a dissenting opinion.

DELIVERED: July 10, 2009



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

**NO. 2-09-180-CV**

IN RE JERRY F.                                                           RELATOR

------------

ORIGINAL PROCEEDING

------------

# DISSENTING OPINION FROM OPINION DENYING MANDAMUS AND ORDER DENYING *UNOPPOSED* MOTION TO ABATE MANDAMUS TO ALLOW FOR MEDIATION

------------

I respectfully dissent from the majority's failure to grant Relator's, the biological father's, *unopposed* request to abate this matter for thirty days while the parties attempt to mediate a settlement. The Relator has simultaneously filed an unopposed motion to dismiss his motion to suspend the judgment and orders of the trial court and to enforce the judgment of this court in the direct appeal, Cause No. 02-08-00212-CV, *In re D.M.F.*, 283 S.W.3d 124 (Tex. App.—Fort Worth 2009, pet. filed) (op. on reh'g), in order to provide the parties

an opportunity to mediate as well.[3]  This court granted that motion on June 30, 2009.

## Background

The judgment from which Relator appealed concerns the trial court's termination of his parental rights and conservatorship of his two-year-old child, D.M.F.  We reversed the termination of his parental rights in our original opinion issued in December 2008, and again on rehearing in April 2009, all in the direct appeal (Cause No. 02-08-00212-CV).[4]  *In re D.M.F.*, 283 S.W.3d at 135. Although he never asked this court or the trial court to suspend the trial court's judgment prior to the issuance of our opinions, he has asked us *twice* since then to either issue mandate early or suspend enforcement of the trial court's judgment, and we have refused, despite our right to do so under the appellate rules 18.6, 19.3(b), (c), and 24.2(a)(4).  *See* Tex. R. App. P. 18.6, 19.3(b), (c), 24.2(a)(4).

Additionally, we have not issued our mandate early because Real Parties in Interest represented that they intended to file a petition for review of our

---

[3] A petition for review has now been filed by Real Parties in Interest, the foster parents, in the Supreme Court of Texas, Cause No. 09-0456.

[4] TDFPS recommended placing D.M.F. with his father and withdrew from the case.  Relator has never been given possession of his child, who remains with the unrelated foster parents.

judgment. They had not filed their petition for review as of the date of Relator's motion to enforce our judgment, and only did so after seeking and receiving an extension of time to file their petition for review by June 16, 2009; they filed their petition on June 19, 2009, presumably under the mailbox rule. Tex. R. App. P. 9.2(b).

**Majority's Denial of Mandamus**

An appellate court's reversal of a judgment or order of a trial court is a "judicial pronouncement, by a court having power to make the determination, that the judgment . . . shall not stand." *Ex parte Rutherford*, 556 S.W.2d 853, 855 (Tex. Civ. App.—San Antonio 1977, orig. proceeding).

> The trial court's order has been divested of its enforceable character not because of the fact that an appeal ha[s] been perfected . . . , but because the appeal succeeded and the order ha[s] been set aside. The statute [former family code section 11.19(c), now section 109.002(c)] contains no language which suggests that an order of a trial court in a custody case remains in effect after it has been reversed.

*Id*. at 854. "Generally, reversal of a judgment or order completely nullifies it, leaving it as if it had never been rendered other than as to further rights of appeal." *Flowers v. Flowers*, 589 S.W.2d 746, 748 (Tex. Civ. App.—Dallas 1979, no writ) (citing *Rutherford*, 556 S.W.2d at 854); *see also In re S.S.G.*, 208 S.W.3d 1, 3 (Tex. App.—Amarillo 2006, pet. denied); *In re Marriage of Stein*, 190 S.W.3d 73, 75 (Tex. App.—Amarillo 2005, no pet.). Once the

3

appellate court reverses the trial court, the trial court's judgment has no further force or effect. "Nothing . . . prohibits the trial court from enforcing the appellate court's judgment after it has been rendered but before the mandate has been received." *Universe Life Ins. Co. v. Giles*, 982 S.W.2d 488, 492 (Tex. App.—Texarkana 1998, pet. denied). Thus, I believe the trial court erred when it refused to grant Relator's habeas petition after the issuance of our opinion and judgment. And although our mandate had not issued—which clearly authorizes execution on our judgment—our reversal should have at least immediately nullified the effect of the trial court's existing order. "It is only when there is an actual interference with the appellate court's active power and authority over the case by a trial court order that the same can be considered void so as to constitute a fundamental error." *Giles*, 982 S.W.2d at 491. Without an existing, valid order in place, the child is to be given to the person with the superior right of possession: here, the biological father. *See* Tex. Fam. Code Ann. §§ 151.001 (a)(1), 157.371–.376 (Vernon 2008); *Rodriguez v. McFall*, 658 S.W.2d 150, 151 (Tex. 1983); *Armstrong v. Reiter*, 628 S.W.2d 439, 440 (Tex. 1982).

Throughout the pendency of the appeal in this court—the issuance of our original opinion in December 2008 reversing the trial court's judgment, the four-month delay in our consideration of and ruling upon the foster parents' motion

4

for rehearing and rehearing en banc, and the writing and issuance of majority and dissenting opinions on rehearing—Relator has had no court-ordered access to his now two-year-old child based solely upon a now-reversed trial court judgment. Furthermore, the child has remained with the nonparent foster parents as quasi-managing conservators even though they had no pleadings in place seeking conservatorship at the time of trial. This is so despite Relator's repeated requests that we issue mandate early as authorized by rule 18.6 and despite his denied habeas petition in the trial court and the majority's decision to now deny him mandamus relief. *See* Tex. R. App. P. 18.6; *see also* Tex. R. App. P. 24.2(a)(4). For these reasons, I would grant Relator's petition for mandamus, and I dissent from the majority's denial.[5]

## Majority's Denial of Opportunity to Mediate

More importantly, Texas has a public policy of encouraging the peaceful resolution of disputes, particularly those involving the parent-child relationship,

---

[5] There is no assumption that the issuance of mandamus in this separate cause would automatically and improperly interfere with the supreme court's jurisdiction in the direct appeal, as asserted by the majority. Majority op. at 1, n. 1. *Mapco, Inc. v. Forrest*, cited by the majority, applies to direct appeals, not to related but separate original proceedings. 795 S.W.2d 700, 702 (Tex. 1990) (orig. proceeding). In fact, the discussion in *Doctors Hosp. Facilities*, an appeal of an original proceeding, acknowledges that lower courts may undertake some actions even while a petition or writ is pending in the supreme court. *Doctors Hosp. Facilities v. Fifth Court of Appeals,* 750 S.W.2d 177, 179 (Tex. 1988).

and the early settlement of pending litigation through voluntary settlement procedures. *See* Tex. Fam. Code Ann. § 153.007 (Vernon 2008); Tex. Civ. Prac. & Rem. Code Ann. § 154.002 (Vernon 2005); *Boyd v. Boyd*, 67 S.W.3d 398, 402 (Tex. App.—Fort Worth 2002, no pet.). Trial and appellate courts are specifically charged with the responsibility of carrying out this public policy in the civil practices and remedies code. Tex. Civ. Prac. & Rem. Code Ann. § 152.003 (Vernon 2005); *Boyd*, 67 S.W.3d at 402; *Adams v. Petrade Int'l, Inc.*, 754 S.W.2d 696, 715 (Tex. App.—Houston [1st Dist.] 1988, writ denied); *Brooks v. Brooks*, 257 S.W.3d 418, 421 (Tex. App.—Fort Worth 2008, pet. denied); *see also* Tex. Gov't Code Ann. § 2009.002 (Vernon 2008) ("It is the policy of this state that disputes before governmental bodies be resolved as fairly and expeditiously as possible and that each governmental body support this policy by developing and using alternative dispute resolution procedures in appropriate aspects of the governmental body's operations and programs."). "Wherever possible, a trial court should give effect to agreements between the parties." *In re BP Prods. N. Am., Inc.*, 244 S.W.3d 840, 846 (Tex. 2008) (orig. proceeding). Thus, not only has our legislature spoken on the subject, the Supreme Court of Texas has directed our courts to promote parties' attempts to settle their conflicts and implement their agreements.

Accordingly, I would grant Relator's motion to abate this original

6

proceeding and direct the parties to notify this court of their progress in mediation within thirty days. *See* Tex. R. App. P. 43.6 (providing that a "court of appeals may make any other appropriate order that the law and the nature of the case require"); Tex. Fam. Code Ann. § 153.001(a)(1) (Vernon 2008) (providing that the public policy of this state is to assure children frequent and continuing contact with their parents). Furthermore, due to the request to mediate, I find it fundamentally unfair and unjust to deny Relator's petition at this time before giving the parties the opportunity to mediate.

Based upon all of the foregoing, I respectfully dissent.


TERRIE LIVINGSTON
JUSTICE

DELIVERED: July 10, 2009