COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT WORTH

                                        NO. 2-09-180-CV

 

IN RE JERRY F.                                                                      RELATOR

 

                                              ------------

                                    ORIGINAL
PROCEEDING

                                              ------------

                                             OPINION

                                              ------------

The
court has considered relator=s
petition for writ of mandamus and is of the opinion that the petition should be
denied.  Accordingly, relator=s
petition for writ of mandamus is denied.[1]  Relator=s AUnopposed
Motion to Abate to Allow for Mediation@ is
denied as moot.[2]








Relator
shall pay all costs of this original proceeding, for which let execution issue.

 

 

 

JOHN CAYCE

CHIEF JUSTICE

 

PANEL: 
CAYCE, C.J.; LIVINGSTON, J.; and DIXON
W. HOLMAN (Senior Justice, Retired, Sitting by Assignment).

 

LIVINGSTON, J. filed a dissenting
opinion.

 

DELIVERED: 
July 10, 2009

--------------------------------------------------------------------------------------------------------------------------------------------------------------------------------

 











 
 
 
 
 
 
 




 

 

 

 

 

 

                                               COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT WORTH

 

 

                                        NO.
2-09-180-CV

 

 

IN RE JERRY F.                                                                      RELATOR

 

 

                                              ------------

 

                                    ORIGINAL
PROCEEDING

 

                                              ------------

 

   DISSENTING OPINION FROM
OPINION DENYING MANDAMUS

      AND ORDER DENYING UNOPPOSED
MOTION TO ABATE

                MANDAMUS TO ALLOW
FOR MEDIATION

 

                                              ------------








I respectfully dissent from the majority=s
failure to grant Relator=s, the biological father=s, unopposed
request to abate this matter for thirty days while the parties attempt to
mediate a settlement.  The Relator has
simultaneously filed an unopposed motion to dismiss his motion to suspend the
judgment and orders of the trial court and to enforce the judgment of this
court in the direct appeal, Cause No. 02-08-00212-CV, In re D.M.F., 283
S.W.3d 124 (Tex. App.CFort Worth 2009, pet. filed)
(op. on reh=g), in order to provide the
parties an opportunity to mediate as well.[3]  This court granted that motion on June 30,
2009.

                                            Background

The judgment from which Relator appealed concerns
the trial court=s termination of his parental
rights and conservatorship of his two-year-old child, D.M.F.  We reversed the termination of his parental
rights in our original opinion issued in December 2008, and again on rehearing
in April 2009, all in the direct appeal (Cause No. 02-08-00212-CV).[4]  In re D.M.F., 283 S.W.3d at 135.  Although he never asked this court or the
trial court to suspend the trial court=s
judgment prior to the issuance of our opinions, he has asked us twice since
then to either issue mandate early or suspend enforcement of the trial court=s
judgment, and we have refused, despite our right to do so under the appellate
rules 18.6, 19.3(b), (c), and 24.2(a)(4). 
See Tex.
R. App. P. 18.6, 19.3(b), (c), 24.2(a)(4). 








Additionally, we have not issued our mandate
early because Real Parties in Interest represented that they intended to file a
petition for review of our judgment. 
They had not filed their petition for review as of the date of Relator=s motion
to enforce our judgment, and only did so after seeking and receiving an
extension of time to file their petition for review by June 16, 2009; they
filed their petition on June 19, 2009, presumably under the mailbox rule.  Tex.
R. App. P. 9.2(b).

                                Majority=s Denial
of Mandamus

An appellate court=s
reversal of a judgment or order of a trial court is a Ajudicial
pronouncement, by a court having power to make the determination, that the
judgment . . . shall not stand.@  Ex parte Rutherford,
556 S.W.2d 853, 855 (Tex. Civ. App.CSan
Antonio 1977, orig. proceeding).

The trial court=s order has been divested
of its enforceable character not because of the fact that an appeal ha[s] been
perfected . . . , but because the appeal succeeded and the order
ha[s] been set aside.  The statute
[former family code section 11.19(c), now section 109.002(c)] contains no
language which suggests that an order of a trial court in a custody case
remains in effect after it has been reversed.

 








Id. at
854.  AGenerally,
reversal of a judgment or order completely nullifies it, leaving it as if it
had never been rendered other than as to further rights of appeal.@  Flowers v. Flowers, 589 S.W.2d 746,
748 (Tex. Civ. App.CDallas 1979, no writ) (citing Rutherford, 556 S.W.2d at 854); see also In re
S.S.G., 208 S.W.3d 1, 3 (Tex. App.CAmarillo
2006, pet. denied); In re Marriage of Stein, 190 S.W.3d 73, 75 (Tex.
App.CAmarillo
2005, no pet.).  Once the appellate court
reverses the trial court, the trial court=s
judgment has no further force or effect. 
ANothing
. . . prohibits the trial court from enforcing the appellate court=s
judgment after it has been rendered but before the mandate has been received.@  Universe Life Ins. Co. v. Giles, 982
S.W.2d 488, 492 (Tex. App.CTexarkana
1998, pet. denied).  Thus, I believe the
trial court erred when it refused to grant Relator=s habeas
petition after the issuance of our opinion and judgment.  And although our mandate had not issuedCwhich
clearly authorizes execution on our judgmentCour
reversal should have at least immediately nullified the effect of the trial
court=s
existing order.  AIt is
only when there is an actual interference with the appellate court=s active
power and authority over the case by a trial court order that the same can be
considered void so as to constitute a fundamental error.@  Giles, 982 S.W.2d at 491.  Without an existing, valid order in place,
the child is to be given to the person with the superior right of
possession:  here, the biological father.  See Tex.
Fam. Code Ann. '' 151.001 (a)(1), 157.371B.376
(Vernon 2008); Rodriguez v. McFall, 658 S.W.2d 150, 151 (Tex. 1983); Armstrong v. Reiter, 628 S.W.2d 439,
440 (Tex.
1982).








Throughout the pendency of the appeal in this
courtCthe
issuance of our original opinion in December 2008 reversing the trial court=s
judgment, the four-month delay in our consideration of and ruling upon the
foster parents= motion for rehearing and
rehearing en banc, and the writing and issuance of majority and dissenting
opinions on rehearingCRelator has had no court-ordered
access to his now two-year-old child based solely upon a now-reversed trial
court judgment.  Furthermore, the child
has remained with the nonparent foster parents as quasi-managing conservators
even though they had no pleadings in place seeking conservatorship at the time
of trial.  This is so despite Relator=s
repeated requests that we issue mandate early as authorized by rule 18.6 and
despite his denied habeas petition in the trial court and the majority=s
decision to now deny him mandamus relief. 
See Tex. R. App. P. 18.6; see also Tex. R. App. P.
24.2(a)(4).  For these reasons, I would
grant Relator=s petition for mandamus, and I
dissent from the majority=s denial.[5]

                        Majority=s Denial
of Opportunity to Mediate








More importantly, Texas has a public policy of encouraging the
peaceful resolution of disputes, particularly those involving the parent-child
relationship, and the early settlement of pending litigation through voluntary
settlement procedures.  See Tex. Fam. Code Ann. ' 153.007
(Vernon 2008); Tex.
Civ. Prac. & Rem. Code Ann. ' 154.002
(Vernon 2005); Boyd v. Boyd, 67 S.W.3d 398, 402 (Tex. App.CFort
Worth 2002, no pet.).  Trial and
appellate courts are specifically charged with the responsibility of carrying
out this public policy in the civil practices and remedies code.  Tex.
Civ. Prac. & Rem. Code Ann. ' 152.003
(Vernon 2005); Boyd, 67 S.W.3d at 402; Adams v. Petrade Int'l, Inc.,
754 S.W.2d 696, 715 (Tex. App.CHouston
[1st Dist.] 1988, writ denied); Brooks v. Brooks, 257 S.W.3d 418, 421
(Tex. App.CFort Worth 2008, pet. denied); see
also Tex. Gov=t Code Ann. '
2009.002 (Vernon 2008) (AIt is the policy of this state
that disputes before governmental bodies be resolved as fairly and
expeditiously as possible and that each governmental body support this policy
by developing and using alternative dispute resolution procedures in
appropriate aspects of the governmental body=s
operations and programs.@).  AWherever
possible, a trial court should give effect to agreements between the parties.@  In re BP Prods. N. Am., Inc., 244
S.W.3d 840, 846 (Tex.
2008) (orig. proceeding).  Thus, not only
has our legislature spoken on the subject, the Supreme Court of Texas has
directed our courts to promote parties=
attempts to settle their conflicts and implement their agreements.








Accordingly,
I would grant Relator=s motion to abate this original
proceeding and direct the parties to notify this court of their progress in
mediation within thirty days.  See Tex.
R. App. P. 43.6 (providing that a Acourt of
appeals may make any other appropriate order that the law and the nature of the
case require@); Tex. Fam. Code Ann. '
153.001(a)(1) (Vernon 2008) (providing that the public policy of this state is
to assure children frequent and continuing contact with their parents).  Furthermore, due to the request to mediate, I
find it fundamentally unfair and unjust to deny Relator=s
petition at this time before giving the parties the opportunity to mediate.

Based
upon all of the foregoing, I respectfully dissent.

 

TERRIE LIVINGSTON

JUSTICE

 

DELIVERED: July 10, 2009

 











    [1]As
the dissent notes, real parties in interest have filed a petition for review in
the Supreme Court of Texas.  Thus, even
if we were inclined to grant the petition, to do so now would improperly
interfere with the jurisdiction of the supreme court.  See Mapco, Inc. v. Forrest, 795 S.W.2d
700, 702 (Tex. 1990); Doctors Hosp.
Facilities v. Fifth Court of Appeals, 750 S.W.2d 177, 179 (Tex. 1988). 





    [2]Our
denial of the motion as moot in no way hinders or discourages the parties= efforts to mediate, as
the dissent suggests.  To the contrary,
the parties are now free to pursue mediation without the burden of a proceeding
pending in this court, in addition to the proceeding pending in the supreme
court.





    [3]A
petition for review has now been filed by Real Parties in Interest, the foster
parents, in the Supreme Court of Texas, Cause No. 09-0456.





    [4]TDFPS
recommended placing D.M.F. with his father and withdrew from the case.  Relator has never been given possession of
his child, who remains with the unrelated foster parents.





    [5]There
is no assumption that the issuance of mandamus in this separate cause would
automatically and improperly interfere with the supreme court=s jurisdiction in the
direct appeal, as asserted by the majority. 
Majority op. at 1, n. 1.  Mapco,
Inc. v. Forrest, cited by the majority, applies to direct appeals, not to
related but separate original proceedings. 
795 S.W.2d 700, 702 (Tex.
1990) (orig. proceeding).  In fact, the
discussion in Doctors Hosp. Facilities, an appeal of an original
proceeding, acknowledges that lower courts may undertake some actions even
while a petition or writ is pending in the supreme court.  Doctors Hosp. Facilities v. Fifth Court of
Appeals, 750 S.W.2d 177, 179 (Tex.
1988).