Opinion issued April 8, 2002










In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-02-00276-CV

____________


IN RE PATRICK EDWARD KINTZ, Relator







Original Proceeding on Petition for Writ of Mandamus




 


O P I N I O N

 Relator, Patrick Edward Kintz, filed a petition for writ of mandamus
complaining that Judge Wettman (1) abused his discretion by signing an order on
February 12, 2002 denying relator's motion to release his cash security deposited
under Tex. R. Civ. P. 624.

 On November 21, 2001, this Court issued an opinion holding that there was no
final judgment in trial court cause 1998-40300 and dismissing the appeal for want of
jurisdiction. Kintz v. Riley, no. 01-01-00198-CV (Tex. App.-Houston [1st Dist.],
Nov. 21, 2001, no pet.) (unpublished). No motion for rehearing was filed; no petition
for review was filed. This Court issued its mandate on March 14, 2002. 

 According to information and exhibits in the petition for writ of mandamus,
appellant Kintz had filed a cash deposit of $101,000 in lieu of supersedeas bond on
March 1, 2001. On December 7, 2001, after this Court had issued its opinion, but
before mandate had issued, relator moved the trial court to release his supersedeas
deposit. Appellee Riley responded by stating that the motion should be denied
because the judgment in her favor was never paid and that the supersedeas deposit
should be paid to her. She also moved for a severance relating to her cause of action
for a money judgment.

 On February 12, 2002, before this Court issued its mandate, Judge Wettman
signed two separate orders: one denying the motion for severance and one denying
the motion to release the supersedeas deposit. There is no claim in the petition for
writ of mandamus that the supersedeas deposit has been paid to appellee Riley.

 "Mandate" is the official notice of action of the appellate court directed to the
trial court, advising the trial court of the appellate court's action. See Universal Life
Ins. Co. v. Giles, 982 S.W.2d 488, 491 (Tex. App.-Texarkana 1998, pet. denied); 
Lewelling v. Bosworth, 840 S.W.2d 640, 642 (Tex. App.-Dallas 1992, orig.
proceeding); Tex. R. App. P. 18.1. It appears to this Court that Judge Wettman may
have denied the motion to release supersedeas because the Clerk of this Court had not
yet issued mandate.

 The trial court had the jurisdiction and authority to release supersedeas because
our judgment was final and our jurisdiction had ended. See Brazzel v. Murray, 481
S.W.2d 801, 803 (Tex. 1972). The trial court may not have known that because our
mandate had not issued. We are not prepared to find that the trial court abused its
discretion in this case because the reason for its denial of the motion to release
supersedeas may have been based on the belief that our Court still had jurisdiction in
the absence of issuance of mandate.

 The petition for writ of mandamus is denied.

PER CURIAM

Panel consists of Justices Mirabal, Hedges, and Jennings.

Do not publish. Tex. R. App. P. 47.
1. The Honorable Bruce Wettman, visiting judge of the 245th District Court
of Harris County, Texas. The underlying lawsuit is In the Matter of the Marriage of
Augustine Scoma Riley and Patrick Edward Kintz, trial court cause no. 1998-40300.