# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00439-CV

### In re Agustin Zurita and AZ Restaurant Ventures, LLC

## ORIGINAL PROCEEDING FROM TRAVIS COUNTY

## M E M O R A N D U M   O P I N I O N

Agustin Zurita and AZ Restaurant Ventures, LLC (collectively "Zurita") have filed a petition requesting that this Court issue a writ of prohibition preventing the trial court from releasing cash Zurita paid into the court's registry to supersede the court's judgment rendered on June 28, 2010. We will deny the petition.

After a trial, the trial court rendered a money judgment against Zurita in favor of SVH-1 Partners, Ltd. Zurita superseded that judgment by depositing cash into the trial court's registry. *See* Tex. R. App. P. 24.1(a)(3), (c). On appeal, this Court modified and, as modified, affirmed the judgment.[1] *See Zurita v. SVH-1 Partners, Ltd.*, No. 03-10-00650-CV, 2011 WL 6118573 (Tex. App.—Austin Dec. 8, 2011, pet. denied) (mem. op.). Zurita filed a petition for review in the Texas Supreme Court. On May 11, 2012, the supreme court denied the petition for review.

---

[1] The modification corrected the judgment to award appellate attorneys' fees only to those parties that pursued an unsuccessful appeal to the Texas Supreme Court.

On June 12, 2012, SVH-1 Partners filed a motion in the Travis County District Court to enforce the judgment, asking the trial court to release the cash Zurita had previously deposited in the court's registry. In its motion, SVH-1 Partners noted that the time for filing a motion for rehearing with the supreme court had passed. *See* Tex. R. App. P. 64.1 (motion for rehearing may be filed with supreme court clerk within 15 days from date when court makes order disposing of petition for review); 64.5 (court may extend time to file motion for rehearing if motion complying with rule 10.5(b) is filed no later than 15 days after last date for filing motion for rehearing). At that time, Zurita had filed in the supreme court neither a motion for rehearing nor a motion for extension of time to file a motion for rehearing. Thereafter, on June 19—39 days after the supreme court's issuance of the order denying the petition for review—Zurita filed a motion in the supreme court seeking an extension of time to file a motion for rehearing. As of this date, that motion has not been acted on by the supreme court. Meanwhile, on July 5, the trial court granted SVH-1 Partners' motion to enforce the judgment and ordered that the cash tendered by Zurita to the clerk of the court be remitted to counsel for SVH-1 Partners on or promptly after July 10.

In his petition for writ of prohibition, Zurita contends that because the supreme court has not disposed of his motion for extension of time to file a motion for rehearing, "the appeal from the underlying judgment remains pending" at the supreme court. Accordingly, he argues that the trial court lacked jurisdiction to order the cash bond funds released to SVH-1 Partners. Zurita's motion for extension of time, however, was untimely. *Id.* At the time Zurita filed the motion for extension of time to file a motion for rehearing, all filing deadlines had passed and the case was no longer "pending" before the supreme court. Zurita also argues that the trial court's order releasing the funds

2

was improper because this Court has not yet issued its mandate in this case. *See* Tex. R. App. P 18.1(a)(2) (court of appeals must issue mandate on expiration of ten days after time has expired for filing motion to extend time to file motion for rehearing of denial of petition for review if no timely filed motion for rehearing or motion to extend time is pending). But issuance of a mandate by an appellate court is not necessary to render a judgment final. *Universe Life Ins. Co. v. Giles*, 982 S.W.2d 488, 491 (Tex. App.—Texarkana 1998, pet. denied) (nothing in rules prohibits trial court from enforcing appellate court's judgment after it has been rendered but before mandate issues).

## CONCLUSION

When the trial court granted SVH-1 Partners' motion to enforce the judgment, the judgment was final and the cause was no longer pending before the supreme court. Therefore, the grounds Zurita relies on in seeking the writ of prohibition do not support the relief requested. We deny Zurita's petition. *See* Tex. R. App. P. 52.8(a).

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Puryear and Goodwin

Filed:   July 9, 2012

3