COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-12-00390-CV

 

 


 
 
 In
 re Ray Bell
 
 
 §
  
 §
  
 §
  
 §
  
 §
 
 
 Original
 Proceeding
  
 From the County Court
  
 of
 Young County (CV04558)
  
 November
 1, 2012
  
 Opinion
 by Justice Meier
 
 


 

JUDGMENT

 

          This
court has considered relator’s petition for writ of mandamus
and is of the opinion that relief should be granted.  Accordingly, relator’s
petition is conditionally granted, and we direct the county court to vacate its
September 7, 2012 order “Reauthorizing/Issuing Writ of Possession” insofar
as the order directs that Ray Bell’s supersedeas bond be disbursed.  A
writ will issue only if the county court fails to do so.

 

SECOND DISTRICT COURT OF APPEALS 

 

 

 

By_________________________________

   
Justice Bill Meier

 

 



 


 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-12-00390-CV

 

 


 
 
 In re Ray Bell
 
 
  
 
 
 RELATOR
 
 


 

 

----------

ORIGINAL
PROCEEDING

----------

MEMORANDUM
OPINION[1]

----------

          Relator
Ray Bell filed a petition for writ of mandamus praying that we order the county
court to vacate (1) a September 7, 2012 order “Reauthorizing/Issuing
Writ of Possession” and (2) “all subsequent orders attempting to enforce
the eviction order that was stayed after Mr. Bell posted his supersedeas
bond,” which includes a September 7, 2012 writ of possession.  We will conditionally
grant the petition in part.

          In January 2010, Bell entered into an agreement
with Real Party in Interest Rick Ray to lease a house from Ray.  In May 2012,
Ray filed a lawsuit in the justice court against Bell complaining of “lease
violations” and requesting “possession of my property.”  On June 4, 2012,
the justice court signed a judgment awarding Ray possession of the premises.  Bell
appealed the judgment to the county court for a trial de novo.  On July 30,
2012, the county court signed a judgment in favor of Ray and stating that it would
grant a writ of possession on August 2, 2012.  On or about August 1,
2012, Bell filed a request for findings of fact and conclusions of law and a
“Motion to Set Supersedeas Bond” pursuant to property code section 24.007 and
rule of appellate procedure 24.  On August 2, 2012, the county court
issued a first writ of possession commanding a peace officer to deliver
possession of the premises to Ray.  However, also on August 2, 2012, the
county court signed an order setting a supersedeas bond in the amount of
$2,500.  Bell posted the $2,500 bond one day later on August 3, 2012, and
the county court signed an order suspending the first writ of possession the
same day.  But several days later, on September 7, 2012, the county court
signed (1) an order “Reauthorizing/Issuing Writ of Possession” and (2) a
second writ of possession commanding a peace officer to deliver possession of
the premises to Ray ten days after the date the peace officer had posted notice
of the writ, or September 20, 2012.  The order “Reauthorizing/Issuing Writ
of Possession” also directed that a portion of the supersedeas bond be released
to Ray.  Several days before September 20, 2012, Bell filed this petition
and a request for emergency relief asking that we stay the September 7,
2012 orders.  We granted Bell’s request for emergency relief and stayed the
September 7, 2012 orders.

          In his first point, Bell
argues that the county court abused its discretion by entering the order
“Reauthorizing/Issuing Writ of Possession” and the second writ of possession
because he timely superseded the county court’s July 30, 2012 judgment
awarding possession of the premises to Ray.  In his second point, Bell argues that
the county court improperly ordered that his supersedeas bond be disbursed to
Ray.  In his third point, Bell argues that the county court erred by engaging
in ex parte communications with Ray and issuing the challenged orders
without proper notice to Bell.

          Mandamus relief is
proper only to correct a clear abuse of discretion when there is no adequate
remedy by appeal.  In re Prudential Ins. Co. of Am., 148 S.W.3d
124, 135–36 (Tex. 2004) (orig. proceeding).  A trial court clearly abuses its
discretion when it reaches a decision so arbitrary and unreasonable as to
amount to a clear and prejudicial error of law.  Walker v. Packer, 827
S.W.2d 833, 839 (Tex. 1992) (orig. proceeding).

            Unless
the law or the rules of appellate procedure provide otherwise, a judgment
debtor may supersede a judgment pending appeal.  Tex. R. App. P. 24.1(a).  One
method of superseding a judgment is to file with the trial court clerk a good
and sufficient bond.  Tex. R. App. P. 24.1(a)(2).  In terms of superseding the
judgment of a county court in an eviction proceeding, the property code
provides that a “judgment of a county court in an eviction suit may not under
any circumstances be stayed pending appeal unless, within 10 days of the
signing of the judgment, the appellant files a supersedeas bond in an amount
set by the county court.”  Tex. Prop. Code Ann. § 24.007(a) (West Supp.
2012).  Subsection (b) of section 24.007 even provides for the right of appeal
from the final judgment of a county court in an eviction suit, as we have in
this case.  Id. § 24.007(b).  Thus, “if a proper supersedeas bond
is not filed, the judgment may be enforced, including issuance of a writ
of possession evicting the tenant from the premises.”  Marshall v. Hous.
Auth. of City of San Antonio, 198 S.W.3d 782, 786 (Tex. 2006) (emphasis
added).  But “[e]nforcement of a judgment must be suspended if the
judgment is superseded.”  Tex. R. App. P. 24.1(f) (emphasis added).

          Here,
consistent with property code section 24.007, Bell superseded the July 30,
2012 judgment awarding Ray possession of the premises by posting a $2,500 bond
within ten days of the judgment, on August 3, 2012.  Any action to enforce
the judgment should have been suspended pending Bell’s appeal, if any, of the
judgment.[2]

          The order
“Reauthorizing/Issuing Writ of Possession” states the following:

 

According
to 24.007 T. Property Code, Appeal of Judgment of a County Court on the Issue
of Possession regarding a FED, the premises must be used for residential
purposes ONLY.

 

In the findings and
Final Judgment of the Court, whether by compensation or consent, the property
in question was sublet for the purposes of a commercial enterprise, or
at minimum, for profiteering of a third party, thus rendering appeal from
County Court ineligible. [Emphasis added.]

 

Thus,
the trial court appeared to reconsider its earlier decision setting a
supersedeas bond because the premises at issue was apparently being used for a
“commercial enterprise” instead of for residential purposes only.  However, the
authority relied upon by the county court is no longer the law.  Before this
last legislative session, property code section 24.007 indeed stated that “[a]
final judgment of a county court in an eviction suit may not be appealed on the
issue of possession unless the premises in question are being used for
residential purposes only.”  See Tex. Prop. Code Ann. § 24.007
(West 2000) (amended 2011) (current version at Tex. Prop. Code Ann. § 24.007
(West Supp. 2012) (emphasis added).  But in 2011, the legislature struck this
language in its entirety.  See Acts of 2011, 82nd Leg., 1st C.S., ch. 3,
§ 2.02(a), 2011 Session Law Serv. 116, 117 (West) (to be codified as an
amendment to Tex. Prop. Code Ann. § 24.007).  Therefore, to the extent
that the trial court relied upon this invalid statutory language to reauthorize
and issue the writ of possession, it erred by doing so.

          We
hold that the county court clearly abused its discretion by issuing the
September 7, 2012 orders and not continuing to suspend enforcement of the
judgment.

          Nonetheless,
Bell has advised us that he relinquished possession of the premises on or about
October 5, 2012, and he concedes that his first point is now moot, but
only as it relates to this original proceeding.  Bell contends that although
the possession issue is moot for purposes of this original proceeding, it is
not moot as it relates to his appeal because he relinquished possession of the
property involuntarily and other issues, including damages, remain ripe for
appeal.  See Marshall, 198 S.W.3d at 787 (“We have
held . . . that payment of a judgment will not moot an appeal
from that judgment if the judgment debtor timely and clearly expresses an
intent to exercise the right of appeal and if appellate relief is not futile.”). 
The only issues in this original proceeding concern the county court’s refusal
to suspend the judgment that Bell properly superseded.  As with the timeliness
of an appeal, we express no opinion in this original proceeding whether an
appeal by Bell from the county court’s judgment is or is not moot.  We overrule
Bell’s first point.

          Although
the portion of the order “Reauthorizing/Issuing Writ of Possession” is moot as
to possession for purposes of this original proceeding, it is not moot regarding
its direction to disburse the bond because Bell properly superseded the
judgment pending an appeal.  See Universe Life Ins. Co. v. Giles, 982
S.W.2d 488, 493 (Tex. App.—Texarkana 1998, pet. denied) (“The purpose of a
supersedeas bond is to secure the appellee and abate, until judgment becomes
final, the remedies he would otherwise have for realizing his judgment.”)
(emphasis added); Muniz v. Vasquez, 797 S.W.2d 147, 150 (Tex.
App.—Houston [14th Dist.] 1990, no writ) (“While the trial court has limited
jurisdiction . . . during appeal as custodian of
supersedeas funds set in either its court or the appellate court, the trial
court has absolutely no authority to disburse those funds.”).  The county court
thus abused its discretion by ordering that a portion of the bond be disbursed
to Ray.  We sustain Bell’s second point.  Having sustained Bell’s second point,
we need not address his third point, in which he requests no greater relief
than that requested by his second point.  See Tex. R. App. P. 47.1.

          Although
Bell may file an appeal of the judgment evicting him from the premises, he does
not have an adequate remedy by appeal to challenge the order reauthorizing the
writ of possession and directing that his bond be disbursed.  See Tex.
R. App. P. 24.4(a) (listing grounds for appellate review of trial court rulings
concerning superseding judgment).

          Ray
has filed several responses, and he requests that we “bring this suit to a
conclusion” and order the bond disbursed to him because Bell has vacated the
premises.  As discussed, this is an original proceeding, and the only issues
concern the county court’s refusal to suspend the judgment.  We have no
authority at this stage of the litigation to “bring this suit to a conclusion.”

          We
conditionally grant Bell’s petition for writ of mandamus and direct the county
court to vacate its September 7, 2012 order “Reauthorizing/Issuing Writ of
Possession” insofar as the order directs that Bell’s supersedeas bond be disbursed. 
A writ will issue only if the county court fails to do so.

 

 

BILL MEIER
JUSTICE

 

PANEL: 
GARDNER, MCCOY, and MEIER, JJ.

 

DELIVERED: 
November 1, 2012









[1]See Tex. R. App. P. 47.4.





          [2]Bell
points out that he timely filed a request for findings of fact and conclusions
of law, which extended the deadline to file a notice of appeal to within ninety
days after the date the judgment was signed, or October 29, 2012.  See
Tex. R. App. P. 26.1(a)(4); Tex. R. Civ. P. 296.  However, the timeliness of
Bell’s appeal, if any, is not before us, and we express no opinion in this
original proceeding about the matter.