

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-12-00390-CV

IN RE RAY BELL                                                    RELATOR

----------

### ORIGINAL PROCEEDING

----------

### MEMORANDUM OPINION[1]

----------

Relator Ray Bell filed a petition for writ of mandamus praying that we order the county court to vacate (1) a September 7, 2012 order "Reauthorizing/Issuing Writ of Possession" and (2) "all subsequent orders attempting to enforce the eviction order that was stayed after Mr. Bell posted his supersedeas bond," which includes a September 7, 2012 writ of possession. We will conditionally grant the petition in part.

---
[1]*See* Tex. R. App. P. 47.4.

In January 2010, Bell entered into an agreement with Real Party in Interest Rick Ray to lease a house from Ray. In May 2012, Ray filed a lawsuit in the justice court against Bell complaining of "lease violations" and requesting "possession of my property." On June 4, 2012, the justice court signed a judgment awarding Ray possession of the premises. Bell appealed the judgment to the county court for a trial de novo. On July 30, 2012, the county court signed a judgment in favor of Ray and stating that it would grant a writ of possession on August 2, 2012. On or about August 1, 2012, Bell filed a request for findings of fact and conclusions of law and a "Motion to Set Supersedeas Bond" pursuant to property code section 24.007 and rule of appellate procedure 24. On August 2, 2012, the county court issued a first writ of possession commanding a peace officer to deliver possession of the premises to Ray. However, also on August 2, 2012, the county court signed an order setting a supersedeas bond in the amount of $2,500. Bell posted the $2,500 bond one day later on August 3, 2012, and the county court signed an order suspending the first writ of possession the same day. But several days later, on September 7, 2012, the county court signed (1) an order "Reauthorizing/Issuing Writ of Possession" and (2) a second writ of possession commanding a peace officer to deliver possession of the premises to Ray ten days after the date the peace officer had posted notice of the writ, or September 20, 2012. The order "Reauthorizing/Issuing Writ of Possession" also directed that a portion of the supersedeas bond be released to Ray. Several days before September 20, 2012, Bell filed this petition and a

2

request for emergency relief asking that we stay the September 7, 2012 orders. We granted Bell's request for emergency relief and stayed the September 7, 2012 orders.

In his first point, Bell argues that the county court abused its discretion by entering the order "Reauthorizing/Issuing Writ of Possession" and the second writ of possession because he timely superseded the county court's July 30, 2012 judgment awarding possession of the premises to Ray. In his second point, Bell argues that the county court improperly ordered that his supersedeas bond be disbursed to Ray. In his third point, Bell argues that the county court erred by engaging in ex parte communications with Ray and issuing the challenged orders without proper notice to Bell.

Mandamus relief is proper only to correct a clear abuse of discretion when there is no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). A trial court clearly abuses its discretion when it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding).

Unless the law or the rules of appellate procedure provide otherwise, a judgment debtor may supersede a judgment pending appeal. Tex. R. App. P. 24.1(a). One method of superseding a judgment is to file with the trial court clerk a good and sufficient bond. Tex. R. App. P. 24.1(a)(2). In terms of superseding the judgment of a county court in an eviction proceeding, the property code

3

provides that a "judgment of a county court in an eviction suit may not under any circumstances be stayed pending appeal unless, within 10 days of the signing of the judgment, the appellant files a supersedeas bond in an amount set by the county court." Tex. Prop. Code Ann. § 24.007(a) (West Supp. 2012). Subsection (b) of section 24.007 even provides for the right of appeal from the final judgment of a county court in an eviction suit, as we have in this case. *Id.* § 24.007(b). Thus, "if a proper supersedeas bond is *not* filed, the judgment may be enforced, including issuance of a writ of possession evicting the tenant from the premises." *Marshall v. Hous. Auth. of City of San Antonio*, 198 S.W.3d 782, 786 (Tex. 2006) (emphasis added). But "[e]nforcement of a judgment *must be suspended* if the judgment is superseded." Tex. R. App. P. 24.1(f) (emphasis added).

Here, consistent with property code section 24.007, Bell superseded the July 30, 2012 judgment awarding Ray possession of the premises by posting a $2,500 bond within ten days of the judgment, on August 3, 2012. Any action to enforce the judgment should have been suspended pending Bell's appeal, if any, of the judgment.[2]

---

[2]Bell points out that he timely filed a request for findings of fact and conclusions of law, which extended the deadline to file a notice of appeal to within ninety days after the date the judgment was signed, or October 29, 2012. *See* Tex. R. App. P. 26.1(a)(4); Tex. R. Civ. P. 296. However, the timeliness of Bell's appeal, if any, is not before us, and we express no opinion in this original proceeding about the matter.

The order "Reauthorizing/Issuing Writ of Possession" states the following:

According to 24.007 T. Property Code, Appeal of Judgment of a County Court on the Issue of Possession regarding a FED, *the premises must be used for residential purposes ONLY*.

In the findings and Final Judgment of the Court, whether by compensation or consent, the property in question *was sublet for the purposes of a commercial enterprise*, or at minimum, for profiteering of a third party, *thus rendering appeal from County Court ineligible*. [Emphasis added.]

Thus, the trial court appeared to reconsider its earlier decision setting a supersedeas bond because the premises at issue was apparently being used for a "commercial enterprise" instead of for residential purposes only. However, the authority relied upon by the county court is no longer the law. Before this last legislative session, property code section 24.007 indeed stated that "[a] final judgment of a county court in an eviction suit may not be appealed on the issue of possession unless the premises in question are being used *for residential purposes only*." *See* Tex. Prop. Code Ann. § 24.007 (West 2000) (amended 2011) (current version at Tex. Prop. Code Ann. § 24.007 (West Supp. 2012) (emphasis added). But in 2011, the legislature struck this language in its entirety. *See* Acts of 2011, 82nd Leg., 1st C.S., ch. 3, § 2.02(a), 2011 Session Law Serv. 116, 117 (West) (to be codified as an amendment to Tex. Prop. Code Ann. § 24.007). Therefore, to the extent that the trial court relied upon this invalid statutory language to reauthorize and issue the writ of possession, it erred by doing so.

We hold that the county court clearly abused its discretion by issuing the September 7, 2012 orders and not continuing to suspend enforcement of the judgment.

Nonetheless, Bell has advised us that he relinquished possession of the premises on or about October 5, 2012, and he concedes that his first point is now moot, but only as it relates to this original proceeding. Bell contends that although the possession issue is moot for purposes of this original proceeding, it is not moot as it relates to his appeal because he relinquished possession of the property involuntarily and other issues, including damages, remain ripe for appeal. *See Marshall*, 198 S.W.3d at 787 ("We have held . . . that payment of a judgment will not moot an appeal from that judgment if the judgment debtor timely and clearly expresses an intent to exercise the right of appeal and if appellate relief is not futile."). The only issues in this original proceeding concern the county court's refusal to suspend the judgment that Bell properly superseded. As with the timeliness of an appeal, we express no opinion in this original proceeding whether an appeal by Bell from the county court's judgment is or is not moot. We overrule Bell's first point.

Although the portion of the order "Reauthorizing/Issuing Writ of Possession" is moot as to possession for purposes of this original proceeding, it is not moot regarding its direction to disburse the bond because Bell properly superseded the judgment pending an appeal. *See Universe Life Ins. Co. v. Giles*, 982 S.W.2d 488, 493 (Tex. App.—Texarkana 1998, pet. denied) ("The

purpose of a supersedeas bond is to secure the appellee and *abate, until judgment becomes final*, the remedies he would otherwise have for realizing his judgment.") (emphasis added); *Muniz v. Vasquez*, 797 S.W.2d 147, 150 (Tex. App.—Houston [14th Dist.] 1990, no writ) ("While the trial court has limited jurisdiction . . . during appeal as custodian of supersedeas funds set in either its court or the appellate court, the trial court has absolutely no authority to disburse those funds."). The county court thus abused its discretion by ordering that a portion of the bond be disbursed to Ray. We sustain Bell's second point. Having sustained Bell's second point, we need not address his third point, in which he requests no greater relief than that requested by his second point. *See* Tex. R. App. P. 47.1.

Although Bell may file an appeal of the judgment evicting him from the premises, he does not have an adequate remedy by appeal to challenge the order reauthorizing the writ of possession and directing that his bond be disbursed. *See* Tex. R. App. P. 24.4(a) (listing grounds for appellate review of trial court rulings concerning superseding judgment).

Ray has filed several responses, and he requests that we "bring this suit to a conclusion" and order the bond disbursed to him because Bell has vacated the premises. As discussed, this is an original proceeding, and the only issues concern the county court's refusal to suspend the judgment. We have no authority at this stage of the litigation to "bring this suit to a conclusion."

7

We conditionally grant Bell's petition for writ of mandamus and direct the county court to vacate its September 7, 2012 order "Reauthorizing/Issuing Writ of Possession" insofar as the order directs that Bell's supersedeas bond be disbursed. A writ will issue only if the county court fails to do so.

BILL MEIER
JUSTICE

PANEL: GARDNER, MCCOY, and MEIER, JJ.

DELIVERED: November 1, 2012

8